IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE GONZALEZ MANRIQUEZ, et al.,

        Plaintiffs,

   vs.

TODD GOODRUM, et al.,

        Defendants.
                               /

No. CIV S-08-0880 FCD EFB PS

ORDER TO SHOW CAUSE

      On September 21, 2010, this action was referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(c). Dckt. No. 37. The order referring the action vacated all hearing dates then set before the district judge and any scheduling orders that had been issued in the action. *Id.* Therefore, on September 28, 2010, the undersigned issued an order scheduling a final pretrial conference before the undersigned on December 8, 2010 and a trial before the assigned district judge on April 12, 2011. Dckt. No. 38. The September 28 order also directed the parties to file a joint pretrial statement on or before November 24, 2010 and directed the parties to meet and confer in advance thereof in order to prepare the joint statement. *Id.* Because plaintiffs had earlier informed the court that they could not obtain the cooperation of the remaining defendants, Todd Goodrum and John Goodrum, dba Todd Goodrum Construction and Goodrum Builders ("defendants"), in preparing a joint pretrial statement, Dckt. No. 35, the

1

1  September 28 order further provided that "[i]f plaintiffs are unable to obtain the participation of
2  defendants in the preparation of a joint pretrial statement, plaintiffs shall so notify the court on or
3  before November 17, 2010, and shall explain how plaintiffs intend to proceed with this action."
4  *Id.*

5  On November 17, 2010, plaintiffs' counsel filed a declaration, stating that he had
6  "attempted to have the Defendants contact our office to prepare a Joint Pretrial Statement by
7  letter sent by overnight mail," but that defendants did not contact his office.  Dckt. Nos. 39, 40.
8  Plaintiff's counsel also filed a letter to the court, requesting that the court "allow the Plaintiff's
9  attorney to file for Default Judgment" since defendants have been unwilling to cooperate in these
10 proceedings and since the past behavior suggests that it is unlikely defendants would appear at
11 trial.  Dckt. No. 41.

12 In light of defendants' failures to communicate with plaintiffs in order to prepare a joint
13 pretrial statement, as required by the September 28 order and by an earlier order from the
14 assigned district judge, *see* Dckt. Nos. 32, 35, the final pretrial conference will be continued, and
15 defendants will be ordered to show cause why their answer to plaintiffs' complaint should not be
16 stricken and default entered against them.  If defendants fail to respond to the order to show
17 cause, the final pretrial conference and trial dates will be vacated and the undersigned will
18 recommend that their answer be stricken, that default be entered against them, and that plaintiffs
19 be permitted to seek default judgment against them.  *See* L.R. 110 ("Failure of counsel or of a
20 party to comply with these Rules or with any order of the Court may be grounds for imposition
21 by the Court of any and all sanctions authorized by statute or Rule or within the inherent power
22 of the Court."); Fed. R. Civ. P. 16(f) ("On motion or on its own, the court may issue any just
23 orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . (C)
24 fails to obey a scheduling or other pretrial order."); *see also* L.R. 183 ("Any individual
25 representing himself or herself without an attorney is bound by the Federal Rules of Civil or
26 Criminal Procedure and by these Local Rules."); *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir.

1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.").

Accordingly, IT IS HEREBY ORDERED that:

1. The final pretrial conference currently set for December 8, 2010 is continued to February 9, 2011 at 10:00 a.m. in Courtroom No. 24. On or before January 26, 2011, a joint pretrial statement shall be filed in accordance with Local Rules 281 and 282 and the requirements set forth in the September 28 order.

2. On or before December 15, 2010, defendants shall show cause, in writing, why their answer to plaintiffs' complaint should not be stricken and default entered against them due to their failures to communicate with plaintiffs in order to prepare a joint pretrial statement, as required by the September 28 order.

3. Failure of defendants to respond to this order to show cause will result in a recommendation that their answer be stricken and that default be entered against them.

DATED: November 19, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE