IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GONZALEZ MANRIQUEZ, et al.,<br><br>        Plaintiffs,<br><br>vs.<br><br>TODD GOODRUM, et al.,<br><br>        Defendants. | No. CIV S-08-0880 KJM EFB PS<br><br><u>ORDER AND</u><br><u>FINDINGS AND RECOMMENDATIONS</u> |

      On September 21, 2010, this action was referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(c). Dckt. No. 37. The order referring the action vacated all hearing dates then set before the district judge and any scheduling orders that had been issued in the action. *Id.* Therefore, on September 28, 2010, the undersigned issued an order scheduling a final pretrial conference before the undersigned on December 8, 2010 and a trial before the assigned district judge on April 12, 2011. Dckt. No. 38. The September 28 order also directed the parties to file a joint pretrial statement on or before November 24, 2010 and directed the parties to meet and confer in advance thereof in order to prepare the joint statement. *Id.* Because plaintiffs had earlier informed the court that they could not obtain the cooperation of the remaining defendants, Todd Goodrum and John Goodrum, dba Todd Goodrum Construction and Goodrum Builders ("defendants"), in preparing a joint pretrial statement, Dckt. No. 35, the

1

1  September 28 order further provided that "[i]f plaintiffs are unable to obtain the participation of
2  defendants in the preparation of a joint pretrial statement, plaintiffs shall so notify the court on or
3  before November 17, 2010, and shall explain how plaintiffs intend to proceed with this action."
4  *Id.*

5  On November 17, 2010, plaintiffs' counsel filed a declaration, stating that he had
6  "attempted to have the Defendants contact our office to prepare a Joint Pretrial Statement by
7  letter sent by overnight mail," but that defendants did not contact his office. Dckt. Nos. 39, 40.
8  Plaintiffs' counsel also filed a letter to the court, requesting that the court "allow the Plaintiff's
9  attorney to file for Default Judgment" since defendants have been unwilling to cooperate in these
10 proceedings and since the past behavior suggests that it is unlikely defendants would appear at
11 trial. Dckt. No. 41.

12 In light of defendants' failures to communicate with plaintiffs in order to prepare a joint
13 pretrial statement, as required by the September 28 order and by an earlier order from the
14 assigned district judge, *see* Dckt. Nos. 32, 35, on November 22, 2010, the undersigned issued an
15 order continuing the final pretrial conference from December 8, 2010 to February 9, 2011 and
16 directing defendants to show cause, on or before December 15, 2010, why their answer to
17 plaintiffs' complaint should not be stricken and default entered against them due to
18 their failures to communicate with plaintiffs in order to prepare a joint pretrial statement, as
19 required by the September 28 order. Dckt. No. 42 at 3. The order provided that "If defendants
20 fail to respond to the order to show cause, the final pretrial conference and trial dates will be
21 vacated and the undersigned will recommend that their answer be stricken, that default be
22 entered against them, and that plaintiffs be permitted to seek default judgment against them." *Id.*
23 at 2 (citing L.R. 110 ("Failure of counsel or of a party to comply with these Rules or with any
24 order of the Court may be grounds for imposition by the Court of any and all sanctions
25 authorized by statute or Rule or within the inherent power of the Court."); Fed. R. Civ. P. 16(f)
26 ("On motion or on its own, the court may issue any just orders, including those authorized by

Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . (C) fails to obey a scheduling or other pretrial order."); L.R. 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure and by these Local Rules."); *and Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal.")).

The deadline for responding to the order to show cause has now passed and defendants have failed to file a response thereto.

Accordingly, IT IS HEREBY ORDERED that the final pretrial conference currently set for February 9, 2011 before the undersigned and the trial set for April 12, 2011 before the assigned district judge are vacated.

IT IS FURTHER RECOMMENDED that:

1. Defendants' answer, Dckt. No. 9, be stricken due to defendants' failure to communicate with plaintiffs in order to prepare a joint pretrial statement and due to defendants' failure to comply with numerous court orders and this court's Local Rules;

2. The Clerk be directed to enter default against defendants Todd Goodrum and John Goodrum, dba Todd Goodrum Construction and Goodrum Builders, pursuant to Federal Rule of Civil Procedure 55(a); and

3. Plaintiffs be permitted to move for default judgment against defendants within thirty days from the date defendants' default is entered.

DATED: February 1, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3