IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE GONZALEZ MANRIQUEZ,
et al.,

        Plaintiffs,

  vs.

TODD GOODRUM, et al.,

        Defendants.
                        /

No. 2:08-cv-880-KJM-EFB PS

ORDER AND
ORDER TO SHOW CAUSE

This action was referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(c). Dckt. No. 37. On October 24, 2012, the court heard plaintiffs' counsel's motion to withdraw as attorney for plaintiffs Jose Gonzalez Manriquez, Aldo Bacenas, Javier Vallejo Renteria, Amador Martinez Gonzalez, Fernando Cabrera Guzman, Eliazarb Rojas Blancas, Juan Carrillo, Salvador Renteria, and Eddy Saul Ramos.[1] Dckt. No. 58. Attorney James Dal Bon appeared at the hearing on behalf of plaintiffs; no other appearances were made. As stated on the record, the motion to withdraw is granted. Additionally, plaintiffs will be ordered to show cause why this action should not be dismissed for failure to prosecute.

////

---

[1] On May 2, 2012, the undersigned heard plaintiffs' counsel's previous motion to withdraw as counsel. Dckt. No. 56. That motion was denied without prejudice. Dckt. No. 57.

1

BACKGROUND

On March 31, 2011, the assigned district judge issued an order adopting the undersigned's February 1, 2011 findings and recommendations; striking defendants' answer due to their failure to communicate with plaintiffs and their failure to comply with numerous court orders and this court's Local Rules; directing the Clerk to enter default against defendants; and permitting plaintiffs to move for default judgment against defendants within thirty days from the date defendants' default is entered. Dckt. No. 47. Also on March 31, 2011, the Clerk entered defendants' default. Dckt. No. 48.

Then, on May 25, 2011, the undersigned issued an order directing plaintiffs to show cause why this action should not be dismissed for failure to prosecute since defendants' defaults were entered nearly two months prior, yet plaintiffs had not moved for default judgment against defendants, nor had they indicated how they intended to proceed with the action. Dckt. No. 49.

On June 16, 2011, plaintiffs' counsel filed an opposition to the order to show cause and a request for an extension of time to receive paperwork regarding a potential bankruptcy of one of the defendants and to "file appropriate motions regarding the plaintiffs." Dckt. No. 50. Plaintiffs' counsel also indicated that he was having difficulty communicating with his clients. *Id.* Therefore, on June 21, 2011, the undersigned issued an order granting the requested extension. Dckt. No. 51. The order stated that "on or before August 19, 2011, plaintiffs shall move for default judgment against the remaining defendants and/or shall show cause, in writing, why this action should not be dismissed for failure to prosecute." *Id.* at 2. The order added that "[f]ailure to comply with this order may result in a recommendation that this action be dismissed for lack of prosecution and/or for failure to comply with court orders and this court's Local Rules." *Id.*

////
////
////

On August 19, 2011, rather than filing a motion for default judgment, plaintiffs' counsel filed a motion to withdraw as counsel for plaintiffs.[2]  Dckt. No. 52.  However, plaintiff's counsel improperly noticed the motion for hearing.  *Id.*  Accordingly, on August 23, 2011, a minute order issued, explaining that the hearing date selected "does not comply with the Court's scheduled Law and Motion calendar" and directing plaintiffs' counsel to contact the undersigned's courtroom deputy to obtain available law and motion dates.  Dckt. No. 54.  Plaintiffs' counsel failed to do so.  Therefore, on November 29, 2011, the undersigned issued a minute order denying the motion without prejudice.  Dckt. No. 55.

Plaintiffs' counsel did not file anything further until he re-filed the motion to withdraw as counsel on March 26, 2012.  Dckt. No. 56.  A hearing was held on the motion on May 2, 2012.  Dckt. No. 57.  At the hearing, the undersigned denied the motion without prejudice because many of the names and addresses counsel had used in his attempts to contact plaintiffs appeared to be inaccurate; neither of the declarations in support of the motion to withdraw appeared to be complete; and plaintiffs' counsel failed to submit a declaration stating plaintiffs' current or last known addresses, as provided in Local Rule 182(d).

Plaintiffs' counsel then filed the present motion to withdraw on September 13, 2012, and the motion was heard on October 24, 2012.  Dckt. No. 58.  Although plaintiffs were sent a copy of the motion to withdraw, none of the plaintiffs appeared at the October 24, 2012 hearing.

////
////
////
////
////
////

---

[2] Also on August 19, 2011, plaintiff Alejandro Sanchez Maldonado filed a notice of voluntary dismissal of his claims in this action.  Dckt. No. 53.

3

MOTION TO WITHDRAW

Plaintiffs' counsel James Dal Bon and his firm, Dunn, Dal Bon & Margain[3] move to withdraw as counsel for the remaining plaintiffs (Jose Gonzalez Manriquez, Aldo Bacenas, Javier Vallejo Renteria, Amador Martinez Gonzalez, Fernando Cabrera Guzman, Eliazarb Rojas Blancas, Juan Carrillo, Salvador Renteria, and Eddy Saul Ramos), arguing that they "are unable to communicate effectively with or receive direction from [any] of these Plaintiffs." Dckt. No. 58 at 2. Dal Bon contends that plaintiffs "have stopped communicating with him and have ceased all initiative in contacting [his] office," and Dal Bon "does not know if [they have] settled this dispute." Dckt. No. 58-1 at 1. According to Dal Bon and a legal clerk in his office, Massiel Hernandez, Dal Bon's office has attempted to reach plaintiffs on numerous occasions since plaintiffs ceased communication in early 2009, but has been unsuccessful in those attempts. Dal Bon Decl. ¶¶ 3-11, 14-16, Dckt. No. 58-2; *see also* Hernandez Decl. ¶¶ 3-12, Dckt. No. 58-3. Dal Bon also declares that plaintiffs have not complied with the terms of their attorney-client fee agreement. Dal Bon Decl. ¶ 2. Specifically, both Dal Bon and Hernandez declare that Dal Bon's office made one last attempt to contact plaintiffs on June 28, 2012 via certified mail at their last known addresses, but that none of the plaintiffs made any attempt to contact counsel. *Id.* ¶¶ 14-16; Hernandez Decl. ¶¶ 11-12; *see also* Dal Bon Decl. Ex. D and E, Dckt. No. 58-2 at 47-74.

As required by Local Rule 182(d), Dal Bon provided notice to plaintiffs of his intent to cease representing them and sent each of them a copy of the motion to withdraw at their last

////

////

---

[3] Although the motion is brought by James Dal Bon and his current firm, Dunn, Dal Bon & Margain, even though the docket indicates that the attorneys of record are Jacob Sider and Tomas E. Margain of the Law Offices of Tomas Margain and James Dal Bon of the Law Office of James A. Dal Bon, Mr. Dal Bon indicated at the hearing that the two firms have merged to form Dunn, Dal Bon & Margain and that the motion is brought on behalf of all of the attorneys of record in this case.

4

known addresses.[4] Nonetheless, none of the plaintiffs filed an opposition or a statement of non-opposition to the motion, and none of the plaintiffs appeared at the hearing on the motion.[5]

As provided in Local Rule 182(d), "[w]ithdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules." California Rule of Professional Conduct 3-700(C)(1) provides that an attorney may withdraw when, among other things, the client "renders it unreasonably difficult for the member to carry out the employment effectively" or "breaches an agreement or obligation to the member as to expenses or fees." Cal. Rule Prof. Conduct 3-700(C)(1)(d), (f). Here, Dal Bon declares that he has been unable to communicate with his clients for the past three and a half years and that his clients have breached the attorney-client fee agreement. Additionally, Dal Bon declares that he has "taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of [plaintiffs], including giving due notice to [plaintiffs and] allowing time for employment of other counsel . . . ." Cal. Rule Prof. Conduct 3-700(A)(2). Therefore, the request by Dal Bon and his firm, Dunn, Dal Bon & Margain, to withdraw as plaintiffs' counsel will be granted.[6]

ORDER TO SHOW CAUSE

Although defendants' default was entered over a year and a half ago, plaintiffs still have not moved for default judgment against defendants, nor have they indicated how they intend to proceed with this action. They also have failed to communicate with their counsel for the past

---

[4] Dal Bon also notified defendants of the motion to withdraw. *See* Dckt. No. 58-4 at 1-2. Defendants did not file an opposition or a statement of non-opposition to the motion.

[5] Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be filed and served no later than fourteen days preceding the noticed hearing date or, in this instance, by October 10, 2012. Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."

[6] Dal Bon is reminded of his obligation to "promptly release to the client, at the request of the client, all the client papers and property," subject to any protective order or non-disclosure agreement. Cal. Rule Prof. Conduct 3-700(D)(1).

5

1  three and a half years, despite numerous attempts by counsel to contact them.  Therefore,
2  plaintiffs will be ordered to show cause, in writing, why this action should not be dismissed for
3  failure to prosecute.  *See* Fed. R. Civ. P. 41(b).  Failure of plaintiffs to respond to this order to
4  show cause may result in a recommendation that this action be dismissed for lack of prosecution
5  and/or for failure to comply with court orders and this court's Local Rules.

6        Accordingly, IT IS HEREBY ORDERED that:

7        1. The motion to withdraw as counsel filed by plaintiffs' counsel James Dal Bon and his
8  firm, Dunn, Dal Bon & Margain, Dckt. No. 58, is granted.

9        2. Plaintiffs will be deemed proceeding *pro se* in this action, and any filings, notices, or
10 correspondence shall be served upon them at the following addresses:

11 •  Jose Gonzalez Manriquez, 1875 7th Street, Richmond, CA 94801
12 •  Aldo Bacenas, Linda Vista 273, Villada, 57710 Ciudad Nezahualcoyotl, MEX, Mexico
13 •  Javier Vallejo Renteria, 1956 Powell St., Apt. E, San Pablo, CA 94806
14 •  Amador Martinez Gonzalez, 520 20th Street, Richmond, CA 94801
15 •  Fernando Cabrera Guzman, 1857 7th Street, Richmond, CA 94801, and 2910 Denovo
16    Way, San Pablo, CA 94806
17 •  Eliazarb Rojas Blancas, 3045 S. Drive, Richmond, CA 94804, and 3045 Sh Drive,
18    Richmond, CA 94804
19 •  Juan Carrillo, 1958 North McDonald, Mesa, AZ 85201
20 •  Salvador Gomez Renteria, 1956 Powell St. Apt. E, San Pablo, CA 94806
21 •  Eddy Saul Ramos, 2428 Bartlett St., Oakland, CA 94601

22       3. The Clerk of the Court is directed to serve a copy of this order on plaintiffs at the
23 aforementioned addresses.

24       4. On or before November 14, 2012, plaintiffs shall show cause, in writing, why this
25 action should not be dismissed for failure to prosecute.  *See* Fed. R. Civ. P. 41(b).
26 ////

6

1      5.  Failure of plaintiffs to respond to this order to show cause may result in a
2 recommendation that this action be dismissed for lack of prosecution and/or for failure to comply
3 with court orders and this court's Local Rules.
4      SO ORDERED.
5 DATED:  October 26, 2012.

                                        _____
                                        EDMUND F. BRENNAN
                                        UNITED STATES MAGISTRATE JUDGE